IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| LAURA ANN JOSS, individually and as Personal Representative of the ESTATE OF JOHN W. JOSS, J.R., deceased, and as natural guardian and next friend of JACKSON C. JOSS, a minor,<br><br>      Plaintiffs,<br><br>STACY PERINE BARBER and ANGIE PERINE, individually and as Personal Representatives of the Estate of HUBERT DON PERINE, deceased,<br><br>      Intervening Plaintiffs,<br><br> vs.<br><br>BRIDGESTONE CORPORATION, a Japanese corporation; BRIDGESTONE/FIRESTONE NORTH AMERICAN TIRE, LLC, as successor to BRIDGESTONE/FIRESTONE, INC., a foreign corporation; and FORD MOTOR COMPANY, a foreign corporation,<br><br>      Defendants. | CV-08-68-BLG-RFC<br><br>**ORDER** |

On January 14, 2009, United States Magistrate Judge Carolyn Ostby entered Findings and Recommendation (*Doc. # 45*) on Defendant Bridgestone Corporation's Motion to Dismiss for Lack of Personal Jurisdiction. Magistrate Judge Ostby recommends denying Bridgestone's Motion to Dismiss.

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, Defendant Bridgestone Corporation filed an objection on January 29, 2009. Plaintiffs responded to Defendant's objections on February 17, 2009. Defendant's objections require this Court to make a *de novo* determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 636(b)(1). Defendant's objections are not well taken.

After a de novo review, the Court determines the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and fact and HEREBY ORDERS they be adopted in their entirety.

Bridgestone objects to the Magistrate's findings that specific jurisdiction under Rule 4(B)(1)(b), the "tort accrual" section of Montana's long arm statute. In essence, Bridgestone argues that in order to comply with the "tort accrual" provision of Rule 4(B)(1)(b) in a products liability case, not only does the tort need to accrue in Montana, but the product also needs to be manufactured there. The

recent pronouncement from the Montana Supreme Court in *Bunch*, 2009 WL 250529 (Mont. Feb. 9, 2009) makes clear that the tort accrual provision is met if the injury occurs in Montana.

In its objection, Bridgestone alleges that the Plaintiffs failed to present any evidence that Bridgestone purposely directed its activities to the United States or Montana. However, the evidence is overwhelming that Bridgestone acted in such a manner that it purposely intended and directed its activities at every state in this country, including Montana.

Bridgestone and Firestone both readily admit that many Bridgestone tires are marketed and routinely sold in Montana. Whether this marketing and selling is done by subsidiary Firestone or by directly Bridgestone is immaterial. When Bridgestone placed its products in the stream of commerce, Bridgestone intended those products to reach Montana consumers and Bridgestone tires did reach Montana consumers. Considering Bridgestone's intent to service the Montana market and reap the benefits of the Montana market, it is not unreasonable to expect Bridgestone to now defend its product in this same market.

Accordingly, **IT IS HEREBY ORDERED** that Bridgestone's Motion to Dismiss (*Doc. #27*) is DENIED.

The Clerk of Court shall notify the parties of the making of this Order.

DATED this 11th day of May, 2009.

                                            _/s/ Richard F. Cebull_____
                                            RICHARD F. CEBULL
                                            U.S. DISTRICT JUDGE